**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MADISON SPARKS, on behalf of
herself and all others similarly
situated,

        Plaintiff,

vs.                                                       Case No. 3:22-cv-205-MMH-PDB

KYODAI SUSHI ROCK CAFE,
INC., et al.,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Plaintiff's Agreed Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support (Doc. 28; Motion), filed on July 18, 2022. Plaintiff attaches to the Motion a Stipulated Class Action Settlement Agreement executed by all parties (Doc. 28-1 at 5-58; Agreement) which includes various proposed notices, a proposed claim form, and proposed orders. See Agreement, Exs. A-G. In the Motion, Plaintiff states that the parties have reached a proposed class-wide settlement of "the claims in this lawsuit." See

-1-

Motion at 2; see also Collective/Class Action Complaint for Damages and Demand for Jury Trial (Doc. 1; Complaint) (asserting claims under the Florida Minimum Wage Act (FMWA) and Fair Labor Standards Act (FLSA)).[1] As such, pursuant to Rule 23, Federal Rules of Civil Procedure (Rule(s)), Plaintiff requests that the Court do the following: (1) preliminarily approve the Settlement Agreement, (2) certify a class, (3) appoint Plaintiff's counsel as class counsel, (4) approve the proposed class notices, and (4) approve the proposed schedule for final settlement approval. See id. Plaintiff represents that Defendants agree to the requested relief. Id. at 19.

Upon review of the filings, the Court has a number of concerns regarding the Motion, Settlement Agreement, and proposed notices. For example, the Court has found numerous errors and inconsistencies in these documents that require correction such as whether documents must be mailed or emailed, whether deadlines are based on receipt or postmark, the existence of an "Opt-Out" form, and how funds will be disbursed. In addition, although this case concerns alleged wage violations at a sushi restaurant in Orange Park, Florida, the parties propose publishing a notice in "appropriate newspapers circulating

---

[1] Although the parties broadly refer to a class-wide settlement of "the claims in this lawsuit," see Motion at 3-4, 5; Agreement at 1, Plaintiff's FLSA claims are plainly not part of the class-wide relief. See Prickett v. DeKalb Cnty., 349 F.3d 1294, 1296 (11th Cir. 2003) ("Because of [§ 216(b)'s] opt-in requirement, FLSA plaintiffs may not certify a class under Rule 23.").

in Illinois" for reasons the Court cannot fathom. See Agreement ¶ 4.2(c), Ex. F.

As to the parties' agreed-upon formula for allocating the common fund among class members, the Court notes that this formula is described in the Motion but not actually specified in the Agreement itself. Compare Motion at 7-8 with Agreement ¶¶ 1.31, 2.1. Troublingly, some of the notices refer to the equal or pro rata distribution of the common fund, see Agreement, Ex. C at 33, Ex. D at 36, which is inconsistent with the terms described in the Agreement and the Motion. Moreover, the parties fail to provide the Court with the basic information necessary to assess the reasonableness of the proposed settlement. For example, the Motion does not describe the number of hours most putative class members worked or the amounts most class members will receive if the settlement is approved. The Court also has significant concerns about the Agreement's references to an incentive award for the individual Plaintiff, the terms of Plaintiff's individual settlement, and the significantly large percentage of the common fund requested as attorney's fees. See Johnson v. NPAS Solutions, LLC, 975 F.3d 1244, 1260 (11th Cir. 2020) (holding that incentive awards are prohibited); Schultz v. Wilson Lighting of Naples, Inc., No. 2:20-cv-400-FtM-38MRM, 2021 WL 467188, at *2, *4-6 (M.D. Fla. Jan. 25, 2021) (discussing FLSA settlements) adopted by 2021 WL 463815 (M.D. Fla.

Feb. 9, 2021); Kuhr v. Mayo Clinic Jacksonville, 530 F. Supp. 3d 1102, 1113, 1118-26 (M.D. Fla. 2021) (rejecting an initial 33.33% fee proposal and awarding 20% of the fund in fees after an analysis of the requisite factors). The parties also fail to address whether they have complied with the notice requirements of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715. Most fundamentally, because the class action mechanism applies only to the state law claims in this action, the Court questions whether it should continue to exercise supplemental jurisdiction over those claims as it appears the state law class claims are now substantially predominating over the individual federal claim. See Santiago v. Wm. G. Roe & Sons, No. 8:07-cv-1786-T-27MAP, 2008 WL 2944921, at *2 (M.D. Fla. July 29, 2008).

To address these and other concerns, the Court finds it necessary to set this matter for a hearing. The Court does not attempt to summarize all of the problems with the Motion and Agreement in this Order, and the parties would be well advised to carefully review these documents from beginning to end in advance of the hearing. Accordingly, it is

**ORDERED:**

1. Plaintiff's Agreed Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed

Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support (Doc. 28) is **TAKEN UNDER ADVISEMENT**.

2. This matter is set for a **HEARING** on **Tuesday, January 10, 2023, at 10:00 a.m**. The hearing will be held by the undersigned at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, 32202, in Courtroom 10B.[2]

**DONE AND ORDERED** in Jacksonville, Florida, on November 22, 2022.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record

---

[2] The Court reminds the parties that all persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse lawyer identification card will suffice) or Order of special admission pro hac vice. However, all cell phones must be turned off while in the courtroom.